IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN JAMES WILSON, | No. C-92-3181 TEH (PR) |
|     Petitioner, | ORDER TO SHOW CAUSE |
|       v. | |
| CHARLES D. MARSHALL, Warden, | |
|     Respondent. | |

In 1992, Petitioner filed a prisoner complaint which the Court construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Doc. #2. The Court dismissed the complaint with leave to amend and file a first amended petition for a writ of habeas corpus within 30 days. Id. Petitioner obtained an extension of time to file an amended petition by no later than October 26, 1992. Doc. #4. On October 30, 1992, the Court noted that Petitioner had not filed an amended petition within the designated time and dismissed the case without prejudice. Doc. #5. On December 15, 1992, after the case was closed, Petitioner filed a first amended petition. Doc. #7.

However, it appears that the Court received a letter from Petitioner on November 8, 1992, which was not docketed in the above-captioned case. In response to that letter, on November 18, 1992, the Court informed Petitioner that no amended petition had been received and ordered Petitioner to filed an amended petition by December 18, 1992. The Court's November 18, 1992 letter was not docketed in the above-captioned case. Accordingly, when the amended petition was filed on December 15, 1992, no action was taken since the case had been closed on October 30, 1992.

More than ten years later, on January 12, 2005, Petitioner requested that the Court take action on the first amended petition. Doc. #10. He claimed that the amended petition was timely filed pursuant to the extension of time he received from the Court in the Court's letter dated November 18, 1992. The Court denied Petitioner's request for action on his first amended petition without addressing whether the amended petition was timely filed. The Court instead noted that Petitioner had stated in the body of his habeas petition that the grounds for relief raised therein "were never previously presented" to the state courts. Accordingly, on July 27, 2005, the Court dismissed the petition without prejudice to refiling after state judicial remedies are exhausted. Doc. #12.

Over four years after that order of dismissal, Petitioner has filed a request to reopen this case, stating that he has exhausted his state court remedies. Doc. #13. According to Petitioner's motion to reopen, the California Supreme Court denied his habeas petition on June 14, 2006. Petitioner's request to

reopen the case was filed four years after he exhausted his state remedies.

The Court finds that Petitioner's first amended petition was timely filed and GRANTS Petitioner's request to re-open this case.

I

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

Petitioner seeks federal habeas corpus relief by alleging that his sentence (1) constituted cruel and unusual punishment in violation of the Eighth Amendment and violated the Ex Post Facto Clause; (2) violated his right to equal protection; and (3) violated his due process rights. Liberally construed, Petitioner's claims appear cognizable under 28 U.S.C. § 2254 and merit an Answer from Respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

The proper respondent in this action is Greg Lewis, the current Warden at Pelican Bay State Prison, where petitioner is incarcerated, rather than the originally-named respondent, Charles

3

D. Marshall, the former Warden at Pelican Bay State Prison.  <u>See</u> Fed. R. Civ. P. 25(d).  Failure to name the proper custodian, which here is Warden Lewis, the sole person who can produce "the body" of the petitioner at this time, deprives federal courts of personal jurisdiction.  <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 896 (9th Cir. 1996).  Accordingly, the Clerk shall substitute Greg Lewis as the respondent in this action.

II

For the foregoing reasons and for good cause shown,

1.   The Clerk is directed to re-open this case and to serve by certified mail a copy of this Order and the first amended Petition, and all attachments thereto (i.e., Doc. #7), on Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk also shall serve a copy of this Order on Petitioner.

2.   Respondent shall file with the Court and serve on Petitioner, within sixty (60) days of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the Answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the Petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within thirty (30) days of his receipt of the Answer.

4

3. In lieu of an Answer, Respondent may file a Motion to Dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an Opposition or Statement of Non-Opposition within thirty (30) days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a Reply within fifteen (15) days of receipt of any Opposition.

4. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner also must keep the Court and all parties informed of any change of address.

IT IS SO ORDERED.

DATED   *04/16/2012*              *[signature]*
                                  **THELTON E. HENDERSON**
                                  **United States District Judge**

G:\PRO-SE\TEH\OLD FILES\Wilson-92-3181 reopen1.wpd