IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEVIN JAMES WILSON, | ) | No. C-92-3181 TEH (PR) |
| | ) | |
| Petitioner, | ) | ORDER GRANTING MOTION TO |
| | ) | DISMISS; DENYING CERTIFICATE OF |
| v. | ) | APPEALABILITY |
| | ) | |
| CONNIE GIPSON, Warden, | ) | |
| | ) | (Doc. #20) |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Kevin James Wilson, a California prisoner currently incarcerated at California State Prison in Corcoran, initiated this case in 1992 pro se by filing a complaint, which the Court construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. ##1, 2. An amended petition was dismissed without prejudice to refiling after state judicial remedies were exhausted. Doc. #12. On February 4, 2010, Petitioner notified the Court that his state judicial remedies were exhausted and requested that his case be re-opened. Doc. #13. On April 17, 2012, the Court re-opened the case and ordered Respondent to show cause why the petition should not be granted.[1]  Doc. #14.

---

[1] Connie Gipson, Warden of California State Prison, Corcoran, the institution where Petitioner is presently incarcerated, is substituted in as the proper Respondent. See Fed. R. Civ. P. 25(d).

Respondent has moved to dismiss the petition for failure to comply with the statute of limitations and because the claims are procedurally defaulted. Doc. #20. Petitioner has not filed an opposition. Having reviewed the papers and the underlying record, the Court GRANTS Respondent's motion to dismiss.

I

On May 1, 1979, Petitioner was convicted of first degree murder in Alameda County Superior Court and, on June 12, 1979, he was sentenced to a term of life in prison plus two years for a gun enhancement. Petition, Exh. 1 (Abstract of Judgment). Petitioner's direct appeal to the California Court of Appeal was denied in 1981 and, subsequently, his appeal to the California Supreme Court was denied.[2] Petition at 3. He filed a federal habeas petition asserting that his pre-trial identification was impermissibly tainted, which the district court denied on April 27, 1987. Petition at 4.

On August 12, 1992, Petitioner initiated the present case by filing a prisoner complaint, which the Court construed to be a habeas petition. Doc. ##1, 2, 14. The Court dismissed the complaint with leave to amend so that Petitioner could file it as an amended petition, no later than October 26, 1992. Doc. ## 2, 4. On October 30, 1992, the Court noted that Petitioner had not filed an amended petition within the designated time and dismissed the case without prejudice. Doc. #5. On December 15, 1992, after the case was closed, Petitioner filed a first amended petition

---

[2] In his petition, Petitioner indicates that he does not know the year his appeal to the California Supreme Court was denied. He also alleges that he submitted a direct appeal to the federal district court and does not know the date of its denial.

**2**

alleging: (1) his two-year sentence for a gun enhancement violated his rights under the Due Process Clause and the Eighth Amendment; (2) the two-year sentence for the gun enhancement caused his "pre-board" hearing to be extended from 1984 to 1986, which extended his minimum eligibility parole date from 1985 to 1987, thus violating his rights under the Due Process Clause, the Equal Protection Clause and the Eighth Amendment; and (3) the Board of Prison Terms ("Board")[3] failed to award him credit for the extra two years he served for the gun enhancement, thus violating his rights under the Due Process Clause and the Eighth Amendment. Doc. #7. When the amended complaint was filed, the Court took no action because the case had been closed. Doc. # 14.

On January 12, 2005, Petitioner requested that the Court take action on the first amended petition. Doc. #11. In an Order dated July 27, 2005, the Court noted that Petitioner had stated in the body of his petition that the grounds for relief raised therein "were never previously presented" to the state courts and dismissed the petition without prejudice to refiling after state judicial remedies had been exhausted. Doc. #12.

On August 29, 2005, Petitioner filed a habeas petition in the California Supreme Court asserting the same claims contained in his federal petition. Resp.'s Motion, Exh. C. On June 14, 2006, the California Supreme Court summarily denied the petition

---

[3] The Board of Prison Terms was abolished effective July 1, 2005, and replaced with the Board of Parole Hearings. Cal. Penal Code § 5075(a).

with a citation to In re Robbins, 18 Cal. 4th 770, 780 (1998).[4] Resp.'s Motion, Exh. D.

On February 4, 2010, Petitioner notified this Court that he had exhausted his state court remedies and requested that his federal petition be re-opened. Doc. #13. On April 17, 2012, the Court re-opened the case, found that the October 30, 1992 amended petition was timely filed, and ordered Respondent to show cause why the petition should not be granted. Doc. #14. Respondent now moves to dismiss the petition as untimely and the claims as procedurally defaulted.

II

A

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the dates on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made

---

[4] On May 18, 2005, Petitioner filed a petition in the California Supreme Court raising different claims than those asserted in his federal petition, which was denied on February 1, 2006. Resp.'s Motion, Exhs. A, B. The May 18, 2005 petition is not relevant to the timeliness issue raised by Respondent.

1  retroactive to cases on collateral review; or (4) the factual
2  predicate of the claim could have been discovered through the
3  exercise of due diligence.  28 U.S.C. § 2244(d)(1)(A)-(D).  AEDPA's
4  one-year time limit did not begin to run against any state prisoner
5  before the date of the Act's enactment.  <u>Calderon v. United States</u>
6  <u>District Court (Beeler)</u>, 128 F.3d 1283, 1287 (9th Cir. 1997),
7  <u>overruled in part on other grounds by</u> <u>Calderon v. United States</u>
8  <u>District Court (Kelly)</u>, 163 F.3d 530 (9th Cir. 1998).  A prisoner
9  with a state conviction finalized before April 24, 1996, therefore,
10 had until April 24, 1997, to file a federal habeas petition on
11 time.  <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1246 (9th Cir. 2001).
12 Time during which a properly filed application for state
13 post-conviction or other collateral review is pending is excluded
14 from the one-year time limit.  28 U.S.C. § 2244(d)(2).

                                    B

16       In his petition, Petitioner appears to be challenging
17 both the legality of the two-year sentence imposed by the trial
18 court and the Board's decision not to award him credit for the two
19 years he served.  Although it is not clear from the petition when
20 Petitioner's conviction became final, it was sometime in the early
21 1980's.  <u>See</u> Amended Petition at 3.  Also, although the petition
22 does not indicate the date of the challenged Board decision, it
23 appears to be in the latter half of the 1980's.  <u>See</u> Amended
24 Petition at 7.  Therefore, Petitioner's conviction and the Board's
25 challenged decision became final many years before the enactment of
26 AEDPA on April 24, 1996.  Thus, Petitioner had until April 24, 1997
27 to file his federal petition for a writ of habeas corpus.  <u>See</u>
28 <u>Patterson</u>, 251 F.3d at 1246.

                                    5

1    Respondent first argues that, because Petitioner waited
2 until 2005 to request that action be taken on the amended petition
3 he filed in 1992, he failed to meet AEDPA's April 1997 deadline.
4 However, Petitioner's amended petition filed in 1992 was filed
5 before the 1997 deadline.  Therefore, the amended petition was
6 timely.  That the Court was unaware that Petitioner had filed the
7 amended petition until he filed his 2005 request for action, does
8 not render it untimely.
9    In the alternative, Respondent argues that the statute of
10 limitations began to run on the day Petitioner filed his request
11 for action in 2005 and, thus, his exhausted amended petition was
12 not filed within the one-year statute of limitations.  The Court
13 agrees.
14    In 2005, when Petitioner requested the Court to take
15 action on his petition, his claims were admittedly unexhausted and
16 the petition was dismissed to enable him to return to state court
17 to exhaust his judicial remedies.  See 28 U.S.C. § 2254(b), (c);
18 Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano,
19 454 U.S. 1, 3 (1981); McNeeley v. Arave, 842 F.2d 230, 231 (9th
20 Cir. 1988) (state prisoners who wish to challenge collaterally in
21 federal habeas proceedings the fact or length of their confinement
22 are first required to exhaust state judicial remedies by presenting
23 the highest state court available with a fair opportunity to rule
24 on the merits of each and every claim they seek to raise in federal
25 court).
26    The one-year statute of limitations is tolled under
27 § 2244(d)(2) for the "time during which a properly filed
28 application for State post-conviction or other collateral review

**6**

with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  However, when the application for relief is no longer pending, the statute of limitations is no longer tolled.  See Welch v. Carey, 350 F.3d 1079, 1082 (9th Cir. 2003) (a petition is "pending" only during one full round of collateral review in state court).  "Pending" means "through the period of continuance . . . of" or "until the . . . completion of" the state habeas petition.  Id. (citing Carey v. Saffold, 536 U.S. 214, 219 (2002)).  This definition executes "Congress' clear intent as manifest in AEDPA to bring rational finality to the lengthy process of collateral review." Id. at 1083.  The tolling statute is meant "to encourage expeditious resolution of claims and to protect the federal courts from . . . attempting to resolve old and unpreserved claims." Id.

In 2005, after the Court dismissed his petition without prejudice so that Petitioner could exhaust his claims, Petitioner immediately brought his federal claims in a petition to the California Supreme Court.  At this time, AEDPA's one-year statute of limitations was in effect.  The statute of limitations was tolled during the pendency of the petition in the California Supreme Court.  However, the statute of limitations began to run again on June 14, 2006, when the California Supreme Court denied the petition.  Petitioner did not return to this Court until February 4, 2010 when he filed his notification that his claims had been exhausted.  Because this was almost four years after June 14, 2006, when the statute of limitations began to run again, Petitioner's exhausted petition was not filed within the one-year limitations period.  Thus, the petition is untimely, unless it is

7

1 subject to equitable tolling.

## C

The Supreme Court has determined that AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). A petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The diligence required to establish entitlement to equitable tolling is "reasonable diligence." Id. at 2565. The petitioner bears the burden of showing that "'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted).

Petitioner has not filed an opposition to Respondent's motion to dismiss on grounds of untimeliness nor raised an argument supporting equitable tolling in any other manner. Therefore, Petitioner has failed to carry his burden of showing that extraordinary circumstances were the cause of his untimeliness.

Accordingly, Respondent's motion to dismiss on the ground that Petitioner's petition is untimely is GRANTED.

## III

Respondent also argues that, even if the petition is found to be timely, it must be dismissed because the claims are procedurally defaulted.

A federal court will not review questions of federal law decided by a state court if the decision also rests on a state law ground that is independent of the federal question and adequate to

**8**

support the judgment, unless the petitioner can show cause for the default and prejudice attributable thereto or demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 729-30, 750 (1991).

The California Supreme Court's June 14, 2006 summary denial of Petitioner's petition exhausted his federal claims. However, the court's citation to In re Robbins in its denial means that it denied the petition because it was untimely. See Walker v. Martin, 131 S. Ct. 1120, 1124, 1126 (2011) (California courts' citation to Robbins, the controlling decision on timeliness of habeas petitions, signals petition is denied as untimely). California's timeliness rule has been held to be independent, see Bennett v. Mueller, 322 F.3d 573, 583 (9th Cir. 2003), and adequate, see Walker, 131 S. Ct. at 1131, for determining whether federal habeas claims are procedurally defaulted.

Therefore, because the state petition was denied as untimely, Petitioner's federal claims are procedurally defaulted and not subject to habeas review unless he demonstrates cause for the default and actual prejudice or that the failure to consider his habeas claims will result in a fundamental miscarriage of justice. As mentioned previously, Petitioner has failed to file an opposition or otherwise dispute Respondent's arguments. Therefore, he has failed to show cause and prejudice or that a fundamental miscarriage of justice will result from a failure to consider his claims.

Accordingly, Petitioner's claims are dismissed because they are procedurally defaulted.

**9**

IV

Because Petitioner's petition is untimely and his claims are procedurally defaulted, his petition is dismissed with prejudice. Respondent's motion to dismiss is GRANTED. The Clerk shall terminate any pending motions as moot, enter judgment in favor of Respondent and close the file.

Further, a certificate of appealability is DENIED. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED.

DATED   _02/28/2013_                        _/s/ Thelton E. Henderson_
                                            THELTON E. HENDERSON
                                            United States District Judge

G:\PRO-SE\TEH\OLD FILES\wilson 92-3181-grant mtd untimely.wpd